IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

MARY GILES, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiffs,

 -vs-

POM WONDERFUL LLC,

    Defendant.
_____/

**DEFENDANT POM WONDERFUL LLC'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1332(D)(2)**

  Defendant POM Wonderful LLC ("POM"), through undersigned counsel, hereby removes this putative class action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows in support of this Notice of Removal:

  Plaintiff Mary Giles, on behalf of herself and those similarly situated, filed this putative class action on August 6, 2010 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida in connection with her alleged purchase of POM Wonderful brand pomegranate juice. The Complaint asserts a claim under Florida's Deceptive and Unfair Trade Practices Act and an express warranty claim, and seeks monetary damages, declaratory and injunctive relief and attorney's fees (the "Putative Class Action").

  As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal are satisfied and this Court has

subject matter jurisdiction over this Putative Class Action pursuant to 28 U.S.C. § 1332(d).

## I.   The Procedural Requirements For Removal Are Satisfied.

1.   Removal is Timely.  Plaintiff's Complaint was served on POM on or after August 24, 2010.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period for removal runs from the date of formal service).

2.   Removal to Proper Court.  This Court is part of the "district and division embracing the place where" the State Court Action was filed – Broward County, Florida. 28 U.S.C. § 1446(a).

3.   Filing and Service.  A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and is being served on all counsel of record.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers received by POM, including Plaintiff's Complaint, are attached as Exhibit A.

4.   Prior Removal.  No previous application has been made for the relief requested in this removal.

5.   Consent.  POM is the only defendant named in this action.  Thus, no consent is required from any other party.

6.   If any question arises regarding the propriety of the removal of this action, POM respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

## II.   Jurisdiction Under CAFA Exists.

7.   The Putative Class Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715).  Pursuant to CAFA, federal

courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs; and (iii) any class member is a citizen of a state different from any defendant, unless an exception applies. *See* 28 U.S.C. § 1332(d).

8. As set forth below, this is a putative class action in which: (i) there are more than 100 members in Plaintiff's proposed class; (ii) the claims of the proposed class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs; and (iii) the named plaintiff and putative class representative, Mary Giles, is a citizen of a state different from the defendant. No exception applies to preclude jurisdiction under CAFA. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

9. <u>The Putative Class Action Consists Of More Than 100 Members</u>. Plaintiff proposes a class defined as "[a]ll persons who purchased Pom Wonderful Pomegranate Juice in the State of Florida." Ex. A, Complaint, ¶ 40. As Plaintiff alleges, "[t]he members of the Class are so numerous that their individual joiner is impracticable" and "that the proposed Class contains many thousands of members." *See id.*, ¶ 42. Plaintiff further alleges that there are "tens of thousands of consumers in the State of Florida." *See id.,* ¶ 19. Further, POM confirms that the number of potential class members greatly exceeds 100. *See* Declaration of Paul Sheppard ("Sheppard Decl."), attached as Exhibit B, at ¶ 4. Accordingly, the proposed class exceeds the requisite number of members for jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

10. <u>The Amount In Controversy Requirement Is Satisfied</u>. Plaintiff seeks restitution and disgorgement of monies and attorneys' fees, as well as injunctive relief. Specifically, the Complaint requests "damages, attorneys' fees and costs" and "restitution and disgorgement of POM's revenues to Plaintiff and the proposed Class members." Ex. A, Complaint, ¶ 33 & Prayer for Relief, ¶ C. Plaintiff also alleges that she and the putative class members have been damaged in the amount of the purchase price of the products they purchased. Ex. A, Complaint,

3

¶ 66.  POM has submitted a sworn declaration from its Vice President/General Manager Paul Sheppard, stating that the damages alleged by the putative class members substantially exceeds $5 million.  *See* Ex. B, Sheppard Decl., ¶ 4.  Accordingly, given the breadth of the class and the nature of the relief sought, in aggregate, the amount of such damages for all putative class members exceeds $5 million.  Thus, this jurisdictional threshold is satisfied.  *See* 28 U.S.C. § 1332(d)(2).

11. <u>The Diversity Of Citizenship Requirement Is Satisfied</u>.  As alleged by Plaintiff, POM is Delaware limited liability company with its headquarters in Los Angeles, California.  Ex. A, Complaint, ¶ 19.  Furthermore, the Complaint alleges that Plaintiff Mary Giles is a citizen of Florida.  Ex. A, Complaint, ¶ 18.  Accordingly, at least one member of the class is a citizen of a State different from the defendant and diversity is established for purposes of federal jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d)(2)(A).

12. Under CAFA, the federal courts must exercise jurisdiction over class actions in which members of a putative plaintiff class are diverse from a defendant, unless a statutory exception applies.  *See* 28 U.S.C. § 1332(d).  Therefore, because POM is an alleged citizen of California and Delaware and Plaintiff and most of the members of the putative class are citizens of Florida, this Court has jurisdiction under CAFA unless an exception applies.  Three exceptions are available, none of which apply in this case.

13. The first two exceptions apply in circumstances involving putative class actions where two-thirds or more of the members of the putative class <u>and</u> at least one or more defendants is a citizen of the state where the action was originally filed.  28 U.S.C. § 1332(d)(4)(A), (B).  In such cases, the federal courts are required to decline jurisdiction.  The third exception gives the court discretion to decline jurisdiction if greater than one-third but less than two-thirds of the members of the putative class <u>and</u> the primary defendants are citizens of the state in which the action was originally filed.  *Id.* §1332(d)(3).  Thus, none of these

exceptions apply where there is no defendant who is a citizen of the state where the action was filed.

14.     Here, POM is not a citizen of Florida.  *See* Ex. B, Sheppard Decl., ¶ 3. Accordingly, no statutory exception applies and the Court lacks discretion to decline jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d)(2) - (4).

**II.     *Cappuccitti v. DirectTV, Inc.* Does Not Bind This Court.**

15.     Plaintiff argues that this Court should ignore all relevant precedent and follow the non-final opinion issued in *Cappuccitti v. DirecTV, Inc.*, 611 F.3d 1252 (11th Cir. 2010) (petitions for rehearing pending).  Ex. A, Compl., ¶ 4.  The Court in *Cappuccitti* held that at least one plaintiff must allege damages of over $75,000 for original federal jurisdiction to exist in a class action with minimal diversity.  *Cappuccitti*, 611 F.3d at 1256.  This holding is contrary to all prior precedent and, with due respect, is in clear error.  As such, it is the subject of petitions for rehearing filed by both sides, including a request for en banc proceedings.

16.     The *Cappuccitti* Holding is in Clear Error. The holding in *Cappuccitti* imposes an additional, individual amount-in-controversy requirement that is nowhere to be found in the text of the CAFA statute.  The holding is based on an apparently erroneous and unsupported assumption that the separate provision granting original jurisdiction in ordinary civil actions – 28 U.S.C. §1332(a) – limits CAFA's grant of original jurisdiction in class actions.  *Cappuccitti*, 611 F.3d at 1256-1257.  This new opinion's reasoning is built on flawed statutory construction. There is no provision connecting the two positive grants of jurisdiction and nothing in the text or legislative history of CAFA[1] to suggest that the affirmative grant of jurisdiction in section

---

[1] The legislative history strongly confirms section 1332(d)'s plain meaning.  The members of the Senate Judiciary Committee explained that section 1332(d) responds to the pre-CAFA reality that large class actions "must usually be heard in state court (because each individual class member's claim is for less than $75,000) … [I]t will be much easier to determine whether the amount in controversy presented by a purported class as a whole (that is, in the aggregate)

5

1332(a) in any way limits the affirmative grant of jurisdiction in section 1332(d).  To the contrary, the basis for CAFA jurisdiction is independent from the traditional diversity jurisdiction requirements under section 1332(a).  Section 1332(d) is a self-contained unit and imposes its own requirements for citizenship and amount in controversy.  No provision in CAFA warrants importing section 1332(a)'s jurisdictional requirements into section 1332(d).

17. The *Cappuccitti* court attempts to justify its novel conclusion by citing the provision in CAFA that defines a "mass action" as a civil action involving claims that can be removed to federal court if they are asserted by plaintiffs who allege individual injuries of more than $75,000, and if certain other requirements are met.  *See Cappuccitti*, 611 F.3d at 1257 (citing 28 U.S.C. §1332(d)(11)(B)(i)).  But section 1332(d)(11) applies only to "mass actions," and not to class actions like *Cappuccitti* and this current case.  Moreover, the *Cappuccitti* court does not, and cannot, cite to any provision in CAFA that applies the jurisdictional minimum to class actions.

18. Further, if Congress intended to impose an individual amount-in-controversy requirement when it extended original jurisdiction to class actions with more than $5 million in total alleged damages and minimal diversity, it would have done so – as it did with mass actions in section 1332(d)(11)(B)(i).

19. <u>Cappuccitti is Not a Final Decision</u>  On August 9, 2010, the plaintiff in *Cappuccitti* filed a petition for rehearing en banc and the defendant filed a petition for panel rehearing or rehearing en banc.  Each party contends that the panel misconstrued CAFA and confused the class action and mass action provisions.  The petitions for rehearing are attached as

---

exceeds $5 million[.]"  S. Rep. 109-14, 109th Cong., 1st Sess. 2005 2005 WL 627977, at *11, 70.  Thus, contrary to *Cappuccitti*, the framers of CAFA intended to authorize original federal jurisdiction even where *each* individual class member's claim is for less than $75,000, as long as the aggregate amount in controversy exceeds $5 million.  *Id.* at *11.

Exhibit C.  Thus, the *Cappuccitti* decision is not final.  *See* FRAP 35 & 40(a)(4); *Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008) ("[p]anel rehearings are designed as a mechanism for the panel to correct its own errors in the reading of the factual record or the law, rehearings en banc are designed to address issues that affect the integrity of the circuit's case law . . . .").

20. The *Cappuccitti* Decision is Contrary to Prior Precedent  The $75,000 individual amount-in-controversy requirement is an additional requirement not heretofore found by any other court evaluating the CAFA statute in the context of a class action.  The Supreme Court of the United States, prior precedents of the Eleventh Circuit and authoritative decisions of other circuits have uniformly *not* imposed an individual amount-in-controversy requirement for class actions.  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 130 S.Ct. 1431, 1436-37 (2010); *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1263 n.3 (11th Cir. 2009); *Midema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006); and *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163-1164 (11th Cir. 2006).  Thus, this Court should not follow *Cappuccitti. See U.S. v. Hornaday*, 392 F.3d 1306, 1316 (11th Cir. 2004) ("[w]here there is conflict between a prior panel decision and those that came before it, we must follow the earlier ones") (citing cases).

21. Moreover, no federal court has followed the *Cappuccitti* decision and at least one district court has noted and rejected its holding.  *See Gutierrez v. Wells Fargo Bank*, 2010 WL 3155934 at *56 (Aug. 10, 2010, N.D. Cal.) (acknowledging the decision in *Cappuccitti*, the court nonetheless ruled that jurisdiction was proper).  The court in *Gutierrez* engaged in an independent analysis of 28 USC § 1332 and concluded that a CAFA action does not require an individual class member to meet the §1332(a) amount in controversy.  The court reasoned: "[N]owhere in Section 1332(d) are the jurisdictional requirements of Section 1332(a) cross-referenced, except for the removal of 'mass actions' from state court.  The instant action was not removed from state court as a 'mass action,' but filed originally in district court as a class action under FRCP 23.  Jurisdiction is therefore proper." *Gutierrez*, 2010 WL 3155934 at *56

(citations omitted).

22. WHEREFORE, Defendant POM removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to this Court pursuant to 28

SQUIRE, SANDERS & DEMPSEY L.L.P.

U.S.C. §§ 1332(d), 1441, and 1446.

Dated:  September **13**, 2010	Respectfully submitted,

*/s/ Amy Bloom*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Amy Bloom
Florida Bar No. 0506893
Email:  amy.bloom@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

*Attorneys for Defendant POM Wonderful LLC*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September **13**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

/s/ *Amy Bloom*
Amy Bloom

SQUIRE, SANDERS & DEMPSEY L.L.P.

## SERVICE LIST

*Giles v. POM Wonderful LLC.*

**Case No.** _____

| | |
|---|---|
| Stuart A. Davidson<br>Florida Bar No. 084824<br>Email:  sdavidson@rgrdlaw.com<br>Cullin A. O'Brien<br>Florida Bar No. 597341<br>Email:  cobrien@rgrdlaw.com<br>Mark Dearman<br>Florida Bar No. 982407<br>Email:  mdearman@rgrdlaw.com<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Telephone:  561-750-3000<br>Facsimile:  561-750-3364<br><br>*Attorneys for Plaintiff*<br>*Mary Giles* | Patricia E. Lowry<br>Florida Bar No. 332569<br>Email:  plowry@ssd.com<br>Amy Bloom<br>Florida Bar No. 0506893<br>Email:  amy.bloom@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY, L.L.P.**<br>1900 Phillips Point West<br>777 S. Flagler Drive<br>West Palm Beach, FL 33401<br>Telephone:  561-650-7200<br>Facsimile:  561-655-1509<br><br>*Attorneys for Defendant*<br>*POM Wonderful LLC* |

WESTPALMBEACH/573497.1

11

SQUIRE, SANDERS & DEMPSEY L.L.P.